IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON TIVEL O'NEIL, | : | |
|     Plaintiff, | : | 1:20-cv-0085 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| D.K. WHITE, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

### December 29, 2020

On January 16, 2020, Plaintiff Damon Tivel O'Neil ("O'Neil"), at the time, a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") housed at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania, filed this *Bivens* action pursuant to 28 U.S.C. § 1331, alleging that Defendants violated his Eighth Amendment rights. (Doc. 1).[1] He amended his complaint on March 4, 2020. (Doc. 13). Named as Defendants are D.K. White, J. Gubbiotti, A. Canales, A. Creveling, A.W. Sage, and the United States of America. (Doc. 13).

Presently pending is Defendants' motion (Doc. 31) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants filed the motion on September 23,

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court created a very limited federal tort counterpart to the remedy created by 42 U.S.C. § 1983 applicable to federal officers. *See also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857, (2017), disfavoring expansion of the statutory remedy.

2020, and filed a supporting brief (Doc. 32) and statement of material facts (Doc. 33) on October 7, 2020.  Defendants served all documents on O'Neil.[2]  He has filed neither an opposition brief nor a statement of material facts.  Consequently, the motion for summary judgment is deemed unopposed and will be granted.

I.      **STANDARD OF REVIEW**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for

---

[2]  He has since been released from federal custody.  He has been served at his new address. (Docs. 31-33).

2

the nonmoving party.  *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of evidence to support the nonmoving party's claims." *Id.* at 325.

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008).  The party opposing the motion must produce evidence to show the existence of every

element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. The adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary

4

judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson*, 477 U.S. at 249–50.

## II.     STATEMENT OF MATERIAL FACTS[3]

The  BOP maintains a computerized index of inmates' requests for administrative relief in an Inmate Management System known as SENTRY.  (Doc. 33, ¶1).  Staff assign each administrative remedy request a unique identifier consisting of a case number generated consecutively on a nationwide basis and a submission code appended to the end of the case number.  (*Id.* at 2).  The letter of the submission code identifies the management level where the remedy was logged:  "F" for institution or warden; "R" for regional director; and "A" for the central office or general counsel.  (*Id.* at 3).  The number following the letter indicates the number of times a remedy has been logged at the respective management level.  (*Id.* at 4).

On December 18, 2019, O'Neil submitted an Informal Resolution form, also known as a BP-8, indicating that he suffered from food poisoning after

---

[3]  Local Rule 56.1 states that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the moving party], as to which it is contended that there exists a genuine issue to be tried… All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *See* L.R. 56.1 Motions for Summary Judgment.  O'Neil failed to controvert Defendants' statement of material facts (Doc. 33).  The facts set forth in Defendants' statement are therefore deemed admitted.

eating a beef taco meal on December 16, 2019. (*Id.* at 5). On January 9, 2020, O'Neil submitted Administrative Remedy 1002402-F1 to the Warden, also referred to as a BP-9, claiming that he experienced health issues as a result consuming the poisoned taco. (*Id.* at 6). He sought $10,000.00 in monetary damages and requested a transfer to an institution with a lower security level. (*Id.* at 7). On January 24, 2020, the Warden responded as follows:

> A thorough review of your medical file performed on January 14, 2020, revealed that on December 17, 2019, you were evaluated and treated in Health Services for diarrhea and vomiting. You did not report any pain during this encounter. At that time, you were advised to follow up at sick-call as needed.
>
> You claim you suffered anal and anus pain, as well as weight loss and severe stomach pain due to food poisoning, loss of fluid and using the restroom 40 times. Of note, you did not make these complaints during your sick call visit on December 17, 2019, and since that date, you have not returned to Health Services or sick-call with any complaints. You have had the opportunity to return to sick-call with any complaints. You have had the opportunity to return to sick-call each Monday, Wednesday, Thursday and Friday morning. If your condition has worsened, you should report to sick call.

(*Id.* at 8). The Warden notified O'Neil that he had the ability to appeal if dissatisfied with the outcome and informed him of the timeframe for filing such an appeal and the address of the Northeast Regional Office. (*Id.* at 9).

On February 3, 2020, O'Neil appealed by submitting Administrative Remedy 1002402-R1 to the BOP's Northeast Regional Office. (*Id.* at 11). The

Regional Office rejected the Administrative Remedy on February 19, 2020, because two pages were illegible (Code LEG and Remarks).  (*Id.* at 12).  The Regional Office afforded him the opportunity to resubmit the appeal within ten days of the date of the rejection notice (Code RSR).  (*Id.*).  On February 28, 2020, he resubmitted the appeal, Administrative Remedy Appeal 1002402-R2, stating that he experienced health problems after contracting food poisoning due to contaminated beef tacos, that he experienced an Eighth Amendment violation due to the BOP's refusal to contain the virus which spread through the compound, and that medical staff failed to record his complaints of pain and excessive use of the restroom.  (*Id.* at 13).  He renewed his request for compensation in the amount of $10,000 and requested a transfer to a lesser security institution.  (*Id.* at 14).

On April 28, 2020, the Regional Director denied Administrative Remedy 1002402-R2, stating:

> A review of your appeal reveals the Warden adequately addressed your complaint in his response. According to your Bureau Electronic Medical Record (BEMR), you were evaluated on December 17, 2019, during sick call. You complained of diarrhea, nausea, vomiting and dizziness.  You were provided IV fluids and advised to follow up as needed.  On January 30, 2020, you complained of continued diarrhea for over one month and provided a stool sample. Lab work was ordered and you were advised to hydrate, rest and eat bland foods.  You were provided a medical idle and advised to follow up as needed. Your stool sample and lab work revealed negative findings and you were last evaluated on March 10, 2020.  You complained of continued diarrhea with abdominal cramping,

> worsening after eating beef and chicken. Your physical examination was consistent with Irritable Bowel Syndrome (IBS) and you were advised to purchase Fibercon from Commissary. You were instructed on diet modifications and advised to return to sick call in two weeks if your symptoms did not improve. According to your medical record, you have not voiced any complaints since this encounter. If you are still experiencing symptoms you may see your Primary Care Provider via sick call. Accordingly you appeal is denied.

(*Id.* at 15). The Regional Director also informed O'Neil, that he had the option to appeal to the General Counsel's Office and advised him of the thirty day deadline, and supplied him with the pertinent address. (*Id.* at 16).

O'Neil did not appeal the Regional Director's denial of Administrative Remedy 1002402-R2 to the BOP's Central Office. (*Id.* at 17).

### III.   DISCUSSION

Defendants seek an entry of summary judgment based on O'Neil's failure to exhaust administrative remedies prior to initiating this action. (Doc. 32, p. 8). The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special

8

circumstances.'" *Id.* "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. *See Miller v. French*, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." *Id.* at 1856-57.

It is undisputed that O'Neil commenced this instant action on January 16, 2020, prior to completion of the BOP's administrative remedy procedure. The PLRA mandates exhaustion of available administrative remedies before bringing suit and it is beyond the power of this Court to excuse compliance with that requirement. O'Neil's failure to fully exhaust available administrative remedies prior to bringing this action compels an entry of summary judgment in favor of Defendants. Moreover, it is clear that he failed to pursue his request for administrative relief to the final level of review.

## IV. CONCLUSION

Based on the above, Defendants' motion (Doc. 31) for summary judgment pursuant to Federal Rule of Civil Procedure 56, will be deemed unopposed and granted.

A separate Order will issue.